————————o————————

No. 6274.

## J. S. GARCIA vs. JOSEPH CALAMARI.

### Syllabus.

Questions of fact only are involved.

Appeal from the Civil District Court, Parish of Orleans, Division "B," No. 105,995. Honorable F. D. King, Judge.

E. Pomes, for plaintiff and appellee.

P. L. Fourchy, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiff's claim is for a balance due upon a building contract and for compensation for extra work performed during the execution thereof.

The evidence clearly establishes that instead of there being a balance due plaintiff upon his contract, he has been overpaid in the sum of $11.50. To what extent, if any, his claim for extras should be upheld is not so clear, as the testimony is quite vague and confusing.

The principal item on this score is for the installation of a stairway in the building. We are satisfied that the parties originally intended to utilize an existing stairway in the yard as a means of access to the upper floor, but that this plan was abandoned during the building operations and it was then concluded to install another stairway in the building itself. While plaintiff is entitled to recover for the extra labor and material thus required, the amount claimed is excessive and an allowance of $50.00 is ample.

The necessity of erecting the partition fence and the additional cost for drainage were indirectly due to the change in the plan with respect to the stairway, and these two items, aggregating $14.30, must be allowed.

So also must the claim for picture moulding amounting to $7.00, be allowed as an extra, as neither the plans nor specifications provided that it should be furnished by the contractor. The testimony does not show that the change of the wall-coating to an alabastine finish was authorized or in any event entailed an additional cost and for that reason this item should not be allowed.

To sum up, therefore, plaintiff is entitled to recover $50.00 for the stairway, $14.30 for the fence and drainage, and $7.00 for the moulding, or a total of $71.30. From this, however, must be deducted $11.50, the amount plaintiff has received above the contract price, thus leaving a balance in plaintiff's favor of $59.80. The trial Court gave judgment for only $53.20 but as plaintiff has not appealed nor answered the appeal, no amendment can be made in his favor.

The judgment is accordingly affirmed.

Judgment affirmed.

Opinion and decree, January 18, 1915.

Rehearing refused, February 1, 1915.